**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

JOHN GEORGE,

    Plaintiff,

v.

METROPOLITAN PROPERTY & CASUALTY INSURANCE COMPANY.

    Defendant.

___

**DEFENDANT METROPOLITAN PROPERTY & CASUALTY INSURANCE
COMPANY'S NOTICE OF REMOVAL**
___

**TO:**    Marco F. Bendinelli
        Jared J. Mazzei
        Bendinelli Law Firm, P.C.
        9035 Wadsworth Pkwy., Ste. 4000
        Westminster, CO 80021

    PLEASE TAKE NOTICE Defendant, Metropolitan Property & Casualty Insurance Company ("Metlife"), a Delaware corporation with its principal place of business in Rhode Island, removes this action from the Denver County District Court, State of Colorado to the United States District Court for the District of Colorado, and gives notice thereof in accordance with 28 U.S.C. § 1446 upon the following grounds:

    1.    John George ("George") seeks underinsured motorist ("UIM") benefits from an automobile accident on May 11, 2012 under a policy issued by Metlife, policy number 3294430260, with limits of $250,000 per person and $500,000 per accident ("Policy").

2. On May 24, 2018, George filed suit against Metlife in the Denver County District Court in the State of Colorado ("State Court Action"). A copy of the Complaint is attached hereto as *Exhibit A*.

3. The Complaint asserts three claims for relief: (1) breach of contract; (2) common law bad faith breach of insurance contract; and (3) violation of C.R.S. § 10-3-1115 unreasonable delay & denial. *Ex. A*. George seeks damages for all unpaid benefits covered under the Policy, two times the amount of all covered benefits under the Policy, costs, attorneys' fees, exemplary damages, and interest. *Ex. A*, ¶¶ 18, 33-63.

4. Pursuant to 28 U.S.C. § 1446(a) and D.C.COLO.LCivR 81.1, below is a recitation of the pleadings and other papers filed in the State Court Action:

   a. Complaint – *Ex. A*;

   b. Civil Cover Sheet – *Ex. B*; and

   c. Return of Service – *Ex. C*.

No hearings are set in the State Court Action, and no motions have been filed.

5. Metlife was served with the Complaint on June 8, 2018. *Ex. C*.

6. The United States District Court for the District of Colorado has diversity jurisdiction over this civil action under 28 U.S.C. § 1332(a), which requires an amount in controversy in excess of $75,000, exclusive of interest and costs, as well as complete diversity of citizenship between the plaintiff and defendant.

7. There is complete diversity of citizenship between George and Metlife. George is a Colorado citizen. *Ex. A, ¶ 11*. Metlife is a Delaware corporation with its principal place of business in Rhode Island. *See Ex. A, ¶ 2*.

8. George claims damages for his common law bad faith claim and violation of C.R.S. § 10-3-1115, 1116 claim in excess of $75,000. A good faith basis is all that is necessary to satisfy the amount in controversy requirement under 28 U.S.C. § 1332(a). *See e.g.*, *Freebird, Inc. v. Merit Energy Co.*, 597 F.Supp.2d 1245, 1247 (D.Kan. 2009) (*citing Morgan v. Gray*, 471 F.3d 469, 474 (3d Cir. 2006)). Dismissal from the federal court is not warranted unless the court is satisfied to the level of "legal certainty" that the claim is not recoverable in an amount in excess of $75,000. *Id*.

9. George contends his injuries and subsequent treatment are covered under the Policy. *Ex. A ¶¶ 13-40*. George seeks damages for "economic damages, non-economic damages, and damages for physical impairment and/or disfigurement, as well as interest, costs, attorney's fees, and any other relief deemed proper." The policy limit is $250,000.

10. George claims approximately $67,000 in past medical bills and $250,000 in future medical bills. *Id. at ¶ 16*.

11. In addition to UIM benefits, George seeks two times the covered benefit afforded under the Policy in addition to attorneys' fees, costs and exemplary damages pursuant to his common law bad faith claim and violation of C.R.S. § 10-3-1115 claim. *Id. ¶¶ 41-61*.

12. In Colorado, civil complaints must be accompanied by a Civil Case Cover Sheet indicating whether the amount in controversy exceeds $100,000. George filed a Civil Case Cover Sheet, which claims he seeks at least $100,000 in damages from Metlife. *Ex. B*.

13. George's representation in the Civil Case Cover Sheet that he seeks at least $100,000 in damages against Metlife establishes the amount in controversy exceeds $75,000, and thus, this matter is removable. *See Paros Properties LLC v. Colo. Casualty Ins. Co.*, 835 F.3d 1264, 1272-73 (10th Cir. 2016). The general allegations in the Complaint, the Civil Case Cover Sheet, and the damages claimed under C.R.S. §§ 10-3-1115, 1116 clearly demonstrate the amount in controversy is in excess of $75,000.

14. Metlife has complied with the requirements of 28 U.S.C. § 1446 and D.C.COLO.L.CivR 81.1.

15. Pursuant to 28 U.S.C. 1446(b), each defendant shall have thirty (30) days after the receipt, through service or otherwise, of the initial pleading to file a notice of removal. Metlife is the only defendant named in this action. MetLife was served through the Colorado Division of Insurance on June 8, 2018. *Ex. C*. This Notice of Removal has been filed within thirty (30) days from Metlife's receipt of George's Complaint and is timely under 28 U.S.C. § 1446(b).

16. A copy of this Notice of Removal has been filed with the Clerk of the District Court, County of El Paso, State of Colorado, and served upon George's counsel pursuant to 28 U.S.C. § 1446(d) and D.DC.COLO.LCivR 81.1.

17. Pursuant to Fed. R. Civ. P. 81(c)(2)(C), MetLife has seven days from the date of the filing of its Notice of Removal to answer the Complaint.

WHEREFORE, Metlife requests that this case proceed in the United States District Court for the District of Colorado as an action timely and properly removed.

Respectfully submitted this 29th day of June, 2018.

>／s/  Bradley D. Damm
Jane E. Young
Bradley D. Damm
McElroy, Deutsch, Mulvaney & Carpenter, LLP
5600 South Quebec Street, Suite C100
P.O. Box 4467
Englewood, CO  80155-4467
Telephone:	(303) 293-8800
Facsimile:	(303) 839-0036
E-Mail:	jyoung@mdmc-law.com
	bdamm@mdmc-law.com
*Attorneys for Metropolitan Property & Casualty Insurance Company*

## CERTIFICATE OF SERVICE

      I further certify that on this 29th day of June, 2018, a true and correct copy of the foregoing NOTICE OF REMOVAL was electronically filed with the Clerk of Court and served to the following parties using the CM/ECF system:

Marco F. Bendinelli, #28425
Jared J. Mazzei, #50758
Bendinelli Law Firm, P.C.
9035 Wadsworth Pkwy., Ste. 4000
Westminster, CO 80021
Phone: (303) 940-9900
Fax: (303) 940-9933
MFB@COLawFirm.com
JJM@COLawFirm.com

      I further certify that on this 29th day of June, 2018, I caused the foregoing NOTICE OF REMOVAL to be electronically filed via Colorado Courts E-Filing to the Court Clerk, Denver County District Court, State of Colorado.

*/s/  Bradley D. Damm*
Jane E. Young
Bradley D. Damm
McElroy, Deutsch, Mulvaney & Carpenter, LLP
5600 South Quebec Street, Suite C100
P.O. Box 4467
Englewood, CO  80155-4467
Telephone:  (303) 293-8800
Facsimile:  (303) 839-0036
E-Mail:  jyoung@mdmc-law.com
           bdamm@mdmc-law.com
*Attorneys for Metropolitan Property & Casualty Insurance Company*