| DISTRICT COURT, DENVER COUNTY, STATE OF COLORADO<br><br>Court Address:<br>1437 Bannock St.<br>Denver, CO 80202 | DATE FILED: May 24, 2018 11:05 AM<br>FILING ID: 7504721875F9E<br>CASE NUMBER: 2018CV31925 |
|---|---|
| Plaintiff: **JOHN GEORGE**<br><br>v.<br><br>Defendant: **METROPOLITAN PROPERTY and CASUALTY INSURANCE COMPANY d/b/a METLIFE;** | ▲COURT USE ONLY▲ |
| *Attorneys for Plaintiff:*<br>Marco F. Bendinelli (#28425)<br>Jared J. Mazzei (#50758)<br>BENDINELLI LAW FIRM, P.C.<br>9035 Wadsworth Pkwy., Suite 4000<br>Westminster, CO 80021<br>Phone Number: 303.940.9900<br>Fax Number:    303.940.9933<br>Email: MFB@COLawFirm.com; JJM@COLawFirm.com | Case No:<br><br><br>Division: |
| **COMPLAINT AND JURY DEMAND** ||

Plaintiff, John George ("Plaintiff"), by and through his attorneys, the Bendinelli Law Firm, P.C., for his Complaint against Defendant, MetLife ("Defendant"), a corporation, states and alleges the following:

## INTRODUCTION

1. Plaintiff was injured on May 11, 2012, when Robert Gunn (hereinafter "Tortfeasor") rear-ended the vehicle Plaintiff was driving while he was stopped at a red light. (This event hereinafter referred to as the "Incident").

2. Defendant is a Foreign Corporation, registered to conduct business in the State of Colorado.

3. Defendant's registered agent in Colorado is the Colorado Division of Insurance, located at 1560 Broadway, Denver, Colorado 80202.

4. The Tortfeasor's negligent operation of his motor vehicle caused the Incident.

5. Plaintiff's date of birth is November 24, 1955.

EXHIBIT A

6.      At the time of the Incident, Plaintiff was 56 years old.

7.      Pursuant to C.R.S. §13-25-103, Plaintiff had a life expectancy of 25.4 additional years at the time of the incident.

8.      The Incident directly and proximately caused Plaintiff to suffer multiple serious injuries, damages and losses.

9.      As a direct and reasonably foreseeable result of the Tortfeasor's negligence, Plaintiff has suffered and will suffer economic damages, non-economic damages, and damages for physical impairment and/or disfigurement.

## PERSONAL JURISDICTION

10.     Pursuant to C.R.S. § 13-1-124(1)(a), this Court has personal jurisdiction over Defendant because Defendant transacts business in Colorado.

11.     Pursuant to C.R.S. § 13-1-124(1)(d), this Court has personal jurisdiction over Defendant because Defendant contracted to insure Plaintiff and his property, both located within Colorado at the time of contracting.

## VENUE

12.     Pursuant to C.R.C.P. 98(c)(1), venue is proper in the District Court for the County of Denver, because Defendant is a nonresident of the state of Colorado and Denver County is the county designated in this Complaint.

## GENERAL ALLEGATIONS

13.     At the time of the Incident, an insurance contract (hereinafter "Policy") was in effect between the Plaintiff and the Defendant.

14.     Defendant's Policy included provisions for uninsured/underinsured motorist coverage for which Plaintiff paid premiums, and pursuant to which Defendant agreed to provide coverage for any damages a tortfeasor would be legally responsible to pay in excess of any insurance coverage the tortfeasor may have had in effect.

15.     Defendant's Policy provided $250,000 in uninsured/underinsured motorist coverage.

16.     Plaintiff's past medical bills, alone, totaled approximately $67,346 with future medical bills totaling approximately $250,000.

17.     At the time of the Incident, the Tortfeasor carried $25,000 in Bodily Injury Insurance Coverage with Farmers Insurance, which was offered to Plaintiff.

EXHIBIT A

18.     As a result of the Incident, Plaintiff was legally entitled to collect an amount of damages from the Tortfeasor that exceeded $25,000.

19.     On March 28, 2016, prior to accepting those limits and releasing the tortfeasor, Plaintiff sought permission to do so from Defendant.

20.     Plaintiff received the $100,000 Bodily Injury limits from Farmers Insurance on or about May 13, 2016.

21.     Defendant granted Plaintiff permission to accept the $100,000 Bodily Injury limits on May 23, 2016.

22.     On September 15, 2017, Plaintiff sent Defendant a request for his UIM benefits with copies of his medical records and bills.

23.     On or about October 24, 2017, Plaintiff sent Defendant a letter with copies of his pre-accident medical records enclosed therewith.

24.     On December 08, 2017, Plaintiff left a voice message for Defendant seeking the status of his evaluation for UIM benefits; but did not receive a response.

25.     On January 4, 2018, Plaintiff left a voice message for Defendant seeking the status of his evaluation for UIM benefits, but did not receive a response.

26.     On January 9, 2018, Plaintiff called Defendant once again seeking the status of his evaluation for UIM benefits.

27.     During that conversation, Defendant for the first time advised Plaintiff that they needed another copy of Plaintiff's pre-accident medical records.

28.     Despite having already sent these documents months prior, Plaintiff agreed to send Defendant a second copy.

29.     On March 9, 2018, Plaintiff spoke with Defendant who confirmed receipt of the records but had not had the opportunity to review them.

30.     Defendant further advised they will contact Plaintiff in a week or two.

31.     On April 10, 2018, Defendant sent Plaintiff a letter stating that the claim has been sent to a doctor to review.

32.     On April 13, 2018, Defendant sent Plaintiff a letter stating that Plaintiff was fully compensated by the Bodily Injury settlement.

EXHIBIT A

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

33.     Plaintiff hereby incorporates all of the foregoing paragraphs.

34.     Plaintiff and Defendant entered into an insurance contract known as the "Policy."

35.     Pursuant to that contract, Plaintiff paid premiums to Defendant in consideration for insurance coverage provided by Defendant, which included benefits for uninsured/underinsured motorist coverage.

36.     Plaintiff substantially performed her part of the contract by paying her insurance premiums.

37.     The condition precedent for Plaintiff to access her uninsured/underinsured motorist benefits under the contract was triggered when the Tortfeasor was underinsured relative to the damages caused to Plaintiff by the Incident.

38.     Defendant failed to provide the contracted-for benefits associated with Plaintiff's underinsured motorist coverages, in breach of the contract between Plaintiff and Defendant.

39.     Defendant failed to tender the undisputed amount of the underinsured motorist claim, in breach of the contract between Plaintiff and Defendant.

40.     As a direct and proximate result of Defendant's breach of the insurance contract, Plaintiff suffered, and will continue to suffer, general and special damages.

## SECOND CLAIM FOR RELIEF
### (Common Law Bad Faith Breach of Insurance Contract)

41.     Plaintiff hereby incorporates all of the foregoing paragraphs.

42.     Defendant entered into a contract with Plaintiff by means of the Policy, in part to provide underinsured motorist bodily injury coverage to Plaintiff in exchange for Plaintiff's payment of policy premiums.

43.     Defendant unreasonably refused to acknowledge full coverage of Plaintiff under the insurance contract between Defendant and Plaintiff.

44.     Defendant acted unreasonably by failing to acknowledge and act promptly in response to communications with respect to the claim that arose under the insurance contract between Plaintiff and Defendant.

45.     Defendant acted unreasonably in refusing to pay claims within a reasonable time.

EXHIBIT A

46.   Defendant acted unreasonably in not attempting in good faith to effectuate prompt, fair, and equitable settlement of claims in which liability had become reasonably clear.

47.   Defendant's conduct was unreasonable because a reasonably careful insurer would not have taken the actions of Defendant.

48.   Defendant knew that its conduct was unreasonable, or the Defendant acted recklessly in taking its actions.

49.   Defendant recklessly disregarded the unreasonableness of its conduct referenced, because it acted with knowledge of facts that indicated that such conduct lacked a reasonable basis.

50.   Defendant recklessly disregarded the unreasonableness of its conduct referenced, because it acted with deliberate indifference to information concerning the claim.

51.   Defendant willfully engaged in said conduct.

52.   Defendant's conduct contributed to, and caused, its delay and denial of Plaintiff's full benefits owed under the underinsured motorist claim.

53.   As a direct and proximate cause of Defendant's violations of C.R.S. § 10-3-1104, Plaintiff suffered, and will continue to suffer, general and special damages.

54.   As a direct and reasonably foreseeable result of Defendant's bad faith breach of the insurance contract, Plaintiff has suffered, and will continue to suffer general and special damages.

## **THIRD CLAIM FOR RELIEF**
### **(C.R.S. § 10-3-1115 Unreasonable Delay & Denial)**

55.   Plaintiff hereby incorporates all the foregoing paragraphs.

56.   Defendant entered into a contract with Plaintiff by means of the Policy, in part to provide underinsured motorist bodily injury coverage to Plaintiff in exchange for Plaintiff's payment of policy premiums.

57.   Plaintiff made a claim for his underinsured motorist benefits to be paid from Defendant.

58.   Defendant unreasonably denied payment of those benefits.

59.   Defendant's delay and denial was without a reasonable basis.

60.   Defendant's denial was without a reasonable basis.

EXHIBIT A

61.     As a direct and proximate result of Defendant's unreasonable delay and denial of the insurance contract, Plaintiff has suffered, and will continue to suffer general and special damages.

## **REQUEST FOR TRIAL BY JURY**

62.     Plaintiff hereby incorporates all of the foregoing paragraphs.

63.     PLAINTIFF DEMANDS TRIAL BY JURY on all of his claims set forth above.

WHEREFORE, Plaintiff asks that judgment be entered in his favor and against Defendant MetLife, for all available relief, including, but not limited to, economic damages, non-economic damages, and damages for physical impairment and/or disfigurement, as well as interest, costs, attorney's fees, and any other relief deemed proper.

Dated this 24th day of May, 2018.

BENDINELLI LAW FIRM, P.C.
This pleading is filed electronically pursuant to C.R.C.P. 121 § 1-26. The original signed pleading is in counsel's file.

By:     */s/ Jared J. Mazzei*
        Marco F. Bendinelli (#28425)
        Jared J. Mazzei (#50758)
        *Attorneys for Plaintiff*

Plaintiff's Address
14021 East Quinn Circle
Aurora, CO 80015

EXHIBIT A